IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 19-cr-135-9 |
| | ) | |
| CHRISTOPHER SHANER, | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Christopher Shaner's Motion to Retain and Produce Rough Notes, ECF No. 531, and the government's response thereto, ECF No. 589. Mr. Shaner "specifically requests the preservation and production of . . . materials relating to interviews, surveillance, controlled buys undercover postal inspections / execution of postal inspections warrants and similar law enforcement activities undertaken in this case, whether or not the information contained therein was included in a final report." Def. Mot. ¶ 6. The specific materials he requests are handwritten rough notes; handwritten draft or rough memoranda; handwritten draft or rough reports or synopses; text messages or emails of rough notes between law enforcement officers; notes, draft or rough memoranda, or draft or rough reports and synopses, taken or prepared on an electronic device of any kind; the identity of the author of the notes, the date the notes were prepared and the act, event or occurrence to which the notes refer; and the transcription of illegible notes into a usable form. Id.

The Government states that it "has advised its agents to preserve traditional rough notes commonly taken during surveillance, during an interview, during a similar event, and handwritten draft reports." Gov't Resp. 2. The government also states that emails and text messages "are automatically preserved pursuant to agency policies." Id.

Independent of the government's direction to its officers to retain such material, the United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings  In United States v. Vella, 562 F.2d 275 (1977) the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act." Id. at 276.  In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." Id. at 259.  In Ammar, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. Id.

Mr. Shaner's request for an Order directing the government to retain and produce all rough notes relating to law enforcement activities undertaken in this case will be granted in part and denied in part.  The Motion will be granted as to the preservation of rough notes that fall within the purview of Vella and Ammar.  As noted, the government has already instructed law enforcement officers to retain such material and has also instructed the officers to retain rough notes taken during surveillance and "during similar events." Gov't Resp. at 2.  The motion will be denied as to any request for retention of material not falling within the above categories.  Mr. Shaner presents no legal basis, and the Court has found none, requiring the government to retain rough notes or memoranda not falling within the above categories identified by the Court of

Appeals. Likewise, there is no basis upon which the Court can Order the government to transcribe "illegible" rough notes. As the government points out, illegibility of handwritten notes is subjective. The government is under no obligation to make such a determination. To the extent that the government produces discoverable rough notes that are "illegible" to Mr. Shaner and his counsel, and the parties are unable to agree on a resolution, the issue can be brought before the Court. Finally, at trial defense counsel may ask a testifying law enforcement officer to interpret any perceived illegibility in their own handwritten rough notes.

The Motion will be denied, as premature, with respect to the production of rough notes. Mr. Shaner is entitled to the production of such material only to the extent that it falls within the purview of <u>Brady</u>, <u>Giglio</u> <u>v. United States</u>, 405 U.S. 150 (1972), or the Jencks Act. The government has indicated that it is aware of its obligations to produce such material to the extent it falls within the purview of <u>Brady</u> exculpatory material and <u>Giglio</u> impeachment material, however the government states that none of the rough notes constitute <u>Brady</u> material. As to <u>Giglio</u> Material, the government asserts that it is premature to produce such material as it has not determined its trial witnesses and such early disclosure may endanger the witnesses. To the extent any rough notes and investigative reports fall within <u>Giglio</u> or the Jencks Act, the government states that it intends to follow its usual practice of producing such material shortly before trial.

Accordingly, the following Order is hereby entered.

AND NOW, this 21st day of August 2020, it is hereby ORDERED that Christopher Shaner's Motion to Retain and Produce Rough Notes (ECF No. 531) is GRANTED as to the preservation of rough notes. The government is ordered to preserve rough notes consistent with

this Opinion and its obligations under <u>Vella</u> and <u>Ammar</u>.  The Motion is DENIED as to the preservation of any other material.

    IT IS FURTHER ORDERED that the Motion is DENIED as premature as to the production of any rough notes.

                                  BY THE COURT.

                                  _____
                                  United States District Judge